# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HERBERT FERRELL, JR.,

      Petitioner,

v.

                                   CASE NO: 8:08-CV-900-T-30EAJ
                                   Crim. Case No: 8:05-CR-530-T-30EAJ

UNITED STATES OF AMERICA,

      Respondent.

_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on May 12, 2008, the Government's Response (Dkt. #3) filed in opposition thereto, and the Petitioner's Reply (Dkt. #4).

# BACKGROUND

Petitioner, HERBERT FERRELL, JR. (hereinafter referred to as "Ferrell" or "Petitioner") was found guilty at jury trial of conspiracy to possess with intent to distribute and distribution of 1,000 or more marijuana plants, in violation of 21 U.S.C. § 846 and 841(b)(1)(A), on August 23, 2006. Sentencing was held on January 30, 2007. Judgment (CR Dkt. #556) was entered on January 31, 2007. Petitioner timely filed a Notice of Appeal (CR Dkt. #559) on February 1, 2007, appealing his conviction to the Eleventh Circuit Court of Appeals. The Eleventh Circuit Court of Appeals affirmed the Judgment of this Court on

October 5, 2007, without prejudice to the Petitioner's right to raise his ineffective assistance of counsel claim on collateral review.   The Petitioner  timely filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1/CR Dkt. #672) on May 12, 2008.

## **<u>DISCUSSION</u>**

Petitioner raises the following grounds in his Motion to Vacate, Set Aside, or Correct Sentence:

**<u>Ground One:</u>**    Counsel was ineffective for failing to explain the Government's plea agreement, present Petitioner's theory of the case, and call witnesses.

**<u>Ground Two:</u>**    The Government violated Defendant's <u>Miranda</u> rights and all evidence should have been excluded under the Fruits of a Poisonous Tree Doctrine.

**<u>Ground Three:</u>**    The District Court erred by enhancing Defendant for a "leadership role" and of a larger conspiracy.

**<u>Ground Four:</u>**    The District Court erred by failing to address the jury's inquiry regarding the number of plants involved and to issue proper instructions related thereto.   But for the aforementioned errors and ineffective counsel, Defendant would have been eligible for a mandatory Safety Valve and the Court would have avoided a verdict against the weight of the evidence.

The Court finds that none of these grounds are valid bases on which to grant the Petitioner's motion.  Regarding ground one, the Petitioner has not established that he received ineffective assistance of counsel.  Regarding grounds two, three, and four, the Petitioner is procedurally barred from asserting these grounds as bases on which to support his motion.  Accordingly,

the Court concludes that the Petitioner's motion should be denied.

## A. GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides the right of the accused to have effective assistance of counsel for his defense.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  It is well-established that to prevail on an ineffective assistance claim, the accused must first show that his "counsel's performance was deficient" and then must show that the deficient performance prejudiced the outcome of his case.  Strickland v.Washington, 466 U.S. 668, 687 (1984).  The Petitioner has failed to establish that his counsel's performance was deficient and, even if counsel's performance were deficient, the Petitioner has failed to establish that he suffered sufficient prejudice.

## 1. DEFICIENT PERFORMANCE

To satisfy the deficiency prong under Strickland, the accused must establish that counsel's "performance fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 688.  The Petitioner claims that his counsel's performance was deficient because "not only did counsel fail to 1) present defendant's theory of the case; 2) present and fully explain the Government's proposed plea agreement; but, also 3) to call the witnesses, expert and lay, who were fully available, and in case of the experts, prior engaged."[1]  Def.'s Mot. ¶ 15.  The Court rejects these assertions

---

[1] These assertions appear to be premised upon the Petitioner's contention that he did not participate in the larger conspiracy in the case.  The Petitioner explains that "[o]f the 9 properties included in the indictment and the overall conspiracy, Mr. Ferrell had dealing[s] with only . . . two . . . properties in which minimal time and investment was made."  Def.'s Mot. ¶ 4.

as support for establishing the deficiency prong under <u>Strickland</u> for two reasons.

First, the Petitioner points to nothing specific showing that his counsel failed to explain particulars in the plea agreement, present his theory of the case, or call witnesses. <u>See</u> <u>U.S. v. Cronic</u>, 466 U.S. 648, 658 (1984) (noting that because a lawyer is presumed to be competent, "the burden rests on the accused to demonstrate a constitutional violation"); <u>Chandler v. U.S.,</u> 218 F. 3d 1305, 1313-14 (11th Cir. 2000) ("the burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable").   Indeed, the Petitioner never refers to any particular part of the plea agreement that his counsel failed to discuss, he merely explains his theory of the case, and never refers to any witnesses that his counsel failed to call.   <u>See</u> <u>David v. U.S.,</u> 134 F.3d 470, 478 (1st Cir. 1998) ("a petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings").   The Court finds that the Petitioner's assertions without specific supporting facts fail to establish that his counsel performed deficiently in these respects.

Second, Petitioner has not attempted to objectively establish that no competent counsel would have performed similarly.   The Petitioner must state his counsel's failures with specificity so that they may be compared to what competent counsel would have done:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .
> Because of the difficulties inherent in making the evaluation, a court must
> indulge a strong presumption that counsel's conduct falls within the wide
> range of reasonable professional assistance; that is, the defendant must
> overcome the presumption that, under the circumstances, the challenged action
> 'might be considered sound trial strategy.'

See Strickland, 466 U.S. at 689 (citations omitted); see also Chandler, 218 F. 3d at 1315 ("The reasonableness of a counsel's performance is an objective inquiry. . . . [and] a petitioner must establish that no competent counsel would have taken the action that his counsel did take") (footnotes omitted).

The only "failure" identified by the Petitioner is that his counsel failed to present his theory of the case.   The Petitioner asserts his counsel failed to argue that if the proceedings did not recognize more than one conspiracy existed, substantial prejudice could result to him. Def.'s Mot. ¶ 14.  Apparently, the Petitioner means his theory that he was a member only of a smaller conspiracy was not presented to the jury by his counsel.   Contrary to the Petitioner's argument, his counsel did argue his theory of the case, which was adequately summarized to the Court during his request for a multiple-conspiracy jury instruction:

> MR. BODIFORD: Judge, the first statement there is regarding this conspiracy. This is all just a restatement and a reminder of what the general conspiracy instruction says.  It's the 'however' part that is so crucial to a multiple-conspiracy charge.  They need to understand that just because you've got a lump of people and a bunch of names that are mentioned in a trial doesn't necessarily mean that there's one conspiracy.
>
> They could–these folks could find that Rigoberto and Yasmany–and Delvys were out doing their only (own) thing and say, 'Gosh, the Government's charged Mr. Ferrell with being part of this big conspiracy, but those people we've heard aren't involved in this conspiracy,' and they could find him not guilty of the conspiracy charge because of that.  That's why it's so crucial, the language after the 'however' that they do essentially identify the members, look at the connection between the two, and read the general conspiracy charge to make that determination.

Because, again, if you just rely on the first part; then you're defeating the whole purpose of explaining to them why there's multiple–why they should consider whether there's multiple conspiracies.

THE COURT: Well, the two instructions go together, 13.1 and 13.3.  13.1 says, 'A person may become a member of the conspiracy without knowing all the details of the unlawful scheme and without knowing who all the other members are.'  So, the Government doesn't have to prove that he knew or even associated with all the members; right?

MR. BODIFORD: That is–that's the status of the law, Your Honor, yes.

THE COURT: What you want to be able to argue through 13.3 is that the Defendant could be a member of a conspiracy, but that conspiracy is a different one than the one charged by the Government?

MR. BODIFORD: That's right, Your Honor.  That's why I had the language in there from Toler, so–

THE COURT: So, that's your intention, to stand in front of this jury and say, 'He's a member of the (a) conspiracy, but it's not the one charged by the government'?

MR. BODIFORD: That was going to be part of my closing argument, yes, sir. I think you've heard Mr. Ferrell allude to this in some of his testimony, that he–he's maintained that the reason we're here is because–he's maintained he's not a part of the conspiracy as charged, but he wasn't involved with the Delvy's, that he wasn't' involved with these other folks.

I understand the status of the law and received the case law with Mr. Ferrell that talks about one party not necessarily showing (knowing) what the other party's doing, that 'A' might not necessarily know what 'Z' is doing or even the existence of 'Z' but if there's some interdependence between the two separate conspiracies, then they are–and they have overall goal, then they arrive at a legal black-and-white black-letter law conspiracy.

But I thought in this situation because of–I knew–because I knew that the evidence was ultimately going to show that Mr. Ferrell was not involved with Rigoberto and Yasmany and their other houses, it would be important that the jury consider that there might have been separate goings-on by separate co-

Page 6 of  12

conspirators that were not interdependent and dependent upon each other that were, in fact, independent; and under the law of conspiracy, if they were acting independently, maybe even with a common goal–if there was not an overlap of that common goal, if there was not an overlap of people and some interdependence of the group, some reliance, then they could find that there are separate conspiracies, and that is not what Mr. Porcelli has charged.

Well, that's what he's charged with but that's–my argument would be that's not what he proved.

THE COURT: Well, all the jury has to find is that he conspired with at least one other of the people charged; right?

MR. BODIFORD: I understand that's the status of the law, yes, sir.

THE COURT: Okay. Then I'm going to give the multiple-conspiracy charge as requested by the Defendant, taking out those two paragraphs, taking the last sentence and adding the word 'the' in front of the word 'conspiracy' onto next to the last line on page 14.

MR. BODIFORD: Adding the word 'the' where, Judge?

THE COURT: Next to the last line in front of the word 'conspiracy' where it says 'the conspiracy.'

MR. BODIFORD: Okay.

(Dkt. #617 at 104-07). Based on this dialogue, the Court gave the following instruction to

the jury:

You are further instructed, with regard to the alleged conspiracy offense, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges.

What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the Defendant. However, if

you decided that such a conspiracy did exist, you must then determine who the members were; and, if you should find that the Defendant was not a member of the conspiracy, then you must acquit the Defendant.

In other words, to find a Defendant guilty you must unanimously find that such Defendant was a member of the conspiracy charged in the indictment and not a member of some other separate conspiracy.

(Dkt. #335 at 13).  The Court concludes that Petitioner has not established that his counsel failed to present his theory of the case and was therefore deficient under Strickland.[2]

Accordingly, the Court denies the Petitioner's motion on the ground that he received ineffective assistance of counsel under the Sixth Amendment.  See Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing in one").  However, even if *arguendo* the Petitioner's counsel's performance was deficient, the Court would still deny his motion because he does not satisfy the prejudice prong under Strickland.

## 2. PREJUDICE

To satisfy the prejudice prong under Strickland, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Regarding the alleged

---

[2] The Petitioner also asserts that "[a]lthough not presented by counsel . . . a reasonable jury could not have determined, based on the instant set of facts, that beyond a reasonable doubt, a single conspiracy existed."  Def.'s Mot. ¶ 14.  As the Government points out, the Petitioner is attempting to "relitigate the proceedings by challenging the sufficiency of evidence and blaming his counsel's trial strategy," which should have been raised on direct appeal. Gov. Mot. ¶ 27.  Moreover, even if counsel made no argument on this issue, relying instead on the Court's instruction to plant the multiple-conspiracy seed in the minds of the jurors, that could be "'sound trial strategy'" to not undermine his own credibility. Strickland, 466 U.S. at 689 (citation omitted).

failure of the Petitioner's counsel to inform the Petitioner of particulars in the plea agreement, the Petitioner does not explain how this prejudiced the outcome of his case. The Petitioner asserts that he "was not arguing his innocence per se, but rather was unaware of and thus not a part of a larger nine (9) home conspiracy." Def.'s Mot. ¶ 14. However, the Petitioner does not assert that he would have pled guilty had some portion of the plea agreement been explained differently or in more detail.

As to the alleged failure to call witnesses, Petitioner does not identify any specific witnesses that should have been called. He further fails to state what the testimony of each witness would have been. Without this information, neither deficient performance nor prejudice can be determined by this Court. As such, the Petitioner has not established the prejudice prong under Strickland. The Court denies the Petitioner's motion on the ground of ineffective assistance of counsel.

## B. GROUNDS TWO, THREE, AND FOUR

This Court does not function as its own appellate court. See Lynn v. U.S., 365 F.3d 1225, 1233 (11th Cir. 2004) (explaining that a collateral attack in a habeas motion is "not a substitute for a direct appeal"). Moreover, errors in trial at a district court must be appealed to an appellate court. See Mills v. U.S., 36 F.3d 1052, 1055 (11th Cir. 1994) ("Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be procedurally barred in a §2255 proceeding"). The Petitioner did not raise ground two ("Miranda Claim"), three or four (collectively "Sentencing Claims")

on direct appeal to the 11th Circuit.  When a Petitioner fails to raise a claim on direct appeal that should have been raised, the procedural default rule applies to determine whether the Petitioner can raise the claim in a habeas proceeding.  See Bousley v. U.S., 523 U.S. 614, 622 (1998) ("[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice,' or that he is 'actually innocent'") (citations omitted).  The Petitioner has not satisfied the procedural default rules's cause and prejudice standard or actual innocence standard with respect to grounds two, three or four.

In his motion, the Petitioner never addresses the procedural default rule's cause and prejudice standard.  See Lynn, 365 F.3d at 1233 (explaining that under the cause prong, a petitioner must show "'some external impediment preventing counsel from constructing or raising the claim'") (citation omitted); U.S. v. Frady, 456 U.S. 152, 170 (1982) (explaining that under the prejudice prong, a petitioner must "shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original).  The Petitioner never expressly mentions or indirectly alludes to anything that would constitute an "external impediment preventing counsel from constructing or raising" his Miranda Claim or Sentencing Claims.  Lynn, 365 F.3d at 1233.  Additionally, the Petitioner does not show that the purported errors at trial underlying his Miranda Claim and his Sentencing Claims "worked to his actual and substantial

Page 10 of  12

disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, 456 U.S. at 170.

Further, regarding the actual innocence standard, the Petitioner never argues his actual innocence, and in his ineffective assistance claim,[3] he stated that he was not arguing his actual innocence in the context of the plea agreement.  Def.'s Mot. ¶ 14.  Essentially, the Petitioner's arguments with respect to his Miranda Claim and his Sentencing Claims are solely based on the merits, which is inappropriate at this stage in the proceedings.  <u>Lynn</u>, 365 F.3d at 1232.  Therefore, because Petitioner has failed to satisfy the procedural default rule, he is procedurally barred from asserting his Miranda Claim and Sentencing Claims as bases on which to grant his motion.

<b><u>CONCLUSION</u></b>

It is therefore ORDERED AND ADJUDGED that:

1.     Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2.     The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

---

[3]   The procedural default rule does not apply to ineffective assistance claims.  <u>See</u> <u>Massaro v. U.S.</u>, 538 U.S. 500, 502-03 (2003).  In his reply, the Petitioner attempts to overcome the procedural default rule by asserting his Miranda Claim and Sentencing Claims within the context of an ineffective assistance claim. Def.'s Reply ¶¶ 1-2.  However, in his initial motion, he defaults these claims because he does not assert them within the context of the deficiency and prejudice prongs under <u>Strickland</u>.  Notably, the Petitioner does not address these prongs in his reply either.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#672, in the underlying criminal case, case number 8:05-CR-530-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-900.deny 2255.wpd